# Exhibit 3

E-FILED IN OFFICE - NV
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**19-A-10123-7**
**10/7/2019 3:16 PM**

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

CLERK OF SUPERIOR COURT

| | |
|---|---|
| LISA CERVERA, on behalf of herself and all others similarly situated, ) ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION |
| v. ) ) | **19-A-10123-7** |
| AMAZON.COM, LLC, ) ) ) | FILE NO. _____ |
| Defendant. ) ) | **JURY TRIAL DEMANDED** |

### CLASS ACTION COMPLAINT

COMES NOW Plaintiff Lisa Cervera and files this Class Action Complaint on behalf of

herself and all others similarly situated and alleges the following based upon personal knowledge

regarding Plaintiff and on information and belief as to other allegations.

### INTRODUCTION AND PARTIES

1.

This class action seeks monetary damages, declaratory relief, and other equitable relief

from Defendant based on its improper practice of knowingly selling a defective product. Further,

Defendant refuses to honor its refund promises for the defective product.

2.

Defendant Amazon.com, LLC ("Amazon") is the largest online retailer in the United

States. Amazon is publicly traded and has a market capitalization of nearly one trillion dollars.

Amazon does substantial business in the State of Georgia and may be served via its registered

agent: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross,

Georgia 30092. This address is in Gwinnett County.

**Exhibit 3, p. 1**

3.

One of the more popular products that Amazon sells is a full-size popcorn machine marketed by Great Northern Popcorn. Amazon sells hundreds of these popcorn machines each week, charging nearly $300 for each machine. For years, the Great Northern popcorn machine has been manufactured in a careless and defective manner in China. Amazon is well aware of these defects and yet continues to sell the product.

4.

After customers have spent an hour of more assembling the Great Northern popcorn machine they learn that the product has been defectively manufactured. Because of the time that has been spent on such assembly, and the massive size of the assembled popcorn machine, it is impossible for customers to then return the product and be made whole. Thus, Amazon does not honor its refund promise in a meaningful way.

5.

As is discussed fully below, Plaintiff was a victim of Amazon's sales practices. Plaintiff is a Georgia citizen who obtained the Great Northern popcorn machine from Amazon.com. The machine was defective. After over one hour of assembly work by two persons, the defect became apparent. Amazon refused to refund the purchase price or otherwise make Plaintiff whole. This painful experience is shared by hundreds or thousands of Amazon customers every year.

## JURISDICTION AND VENUE

6.

Jurisdiction is proper in this Court because Amazon does regular and substantial business in Georgia and several of the events complained of herein occurred in Georgia. Venue is proper in this Court because Defendant has its registered agent in this County.

2

**Exhibit 3, p. 2**

## FACTUAL ALLEGATIONS

### 7.

Plaintiff received her Great Northern popcorn machine as a gift in September of 2019. The product came in a very large box.

### 8.

On September 31, 2019, Plaintiff and her family opened the box and began the assembly process. The product comes in dozens of pieces and requires substantial assembly work.

### 9.

After over one hour of work by two persons the product was fully assembled. The product stands nearly five feet tall and is over two feet wide in each horizontal dimension.

### 10.

Once assembled, the defective nature of the product became apparent. This photo shows the finished product:

3

**Exhibit 3, p. 3**



**Exhibit 3, p. 4**

11.

The first assumption upon seeing the upside down "POPCORN" sign on the machine is to assume improper assembly by the customer.  A photograph of the back of the same machine, however, immediately disproves this notion:



5

**Exhibit 3, p. 5**

12.

The red rectangular box on which the "POPCORN" lettering is written comes as one piece in the delivered box.  There is no way for the customer to have caused the problem.  There is also no way to correct the problem.  The door with the upside down lettering cannot be removed and reinstalled, at least not without ruining the machine.

13.

The popcorn machine is purchased as a festive addition to parties and social occasions.  It is obviously not acceptable to have upside down lettering on the primary facing of the machine -- the side with the door where popcorn is removed.

14.

The amount of time and effort spent to assemble the machine is substantial.  Assembly usually takes over one hour for two persons.

15.

The assembled product cannot be returned to Amazon without further substantial work.  It is far too bulky to be shipped without being disassembled.  The process of disassembling the machine, repacking it in a box (the original box is generally destroyed in the unpacking process), and shipping it to Amazon would take several hours.  In most cases, it would not be possible to repack and ship the defective machine.

16.

In this way, Amazon refuses to reasonably honor its promise of a full refund for this defective product.

**Exhibit 3, p. 6**

17.

Amazon's representative confirmed that they were aware of the defect because they did

not want or need a photograph to see the defect.

18.

In disbelief, Plaintiff researched the defect and found numerous complaints from other

victims, including complaints from other Amazon purchasers.

19.

For example, these are several of the many identical comments:

Allen Dunn

*1.0 out of 5 stars*<u>Disappointed</u>
September 9, 2016
<u>Color: Black</u>Verified Purchase
Just received mine looks sharp except the door to the box is upside down. The box needs to be replaced, the cut out for electric is on the bottom, and the metal on the bottom of popper is dented by the cardboard packing, or a really good discount!



12 people found this helpful

Amazon Customer

*1.0 out of 5 stars*<u>Upside down.</u>
December 26, 2017
<u>Color: Red</u>Verified Purchase
Haven't used our Christmas present yet because of this. ☹



7

**Exhibit 3, p. 7**

Amazon Customer

*3.0 out of 5 stars*Other than that it was good
May 24, 2017
Color: RedVerified Purchase
Came with upside down door, so I had to order replacement. Other than that it was good

adam sears

*2.0 out of 5 stars*Door or sticker upside down
August 10, 2016
Color: RedVerified Purchase
The word POPCORN IS UPSIDE DOWN. And get be fixed.



michelle

*1.0 out of 5 stars*You need to open box before send for costumers
August 18, 2017
Color: RedVerified Purchase
I bought this product twice with upside down part



Ann M. Pearson

*2.0 out of 5 stars*It is quite beautiful, but there is a definite problem
October 25, 2017
Color: RedVerified Purchase
It is quite beautiful, but there is a definite problem. It took hours to put together an when I was finished there was definite flew. The area where the cord was to come out of was cut out of on the wrong side! I cannot imagine taking it all apart and returning to you. I don't understand how your quality control could overlook such a flaw, package it and ship it to a customer.
I should be compensated for receiving this defective merchandise. It still works but the defect is a serious and I should not have to accept this popper after spending over $200.00 for it. What is awful, is that it was a gift!

LonePalm

*3.0 out of 5 stars*Instructions unclear, parts factory installed wrong, inside small and hard to work with
September 13, 2018
Color: RedVerified Purchase
Just put this together and used it once so far. It wasn't difficult to put together, but the instructions leave out to use the washers on the bolts when to put most of it together. Also, the instructions for how to pop the popcorn are different in the instructions, the sticker on the glass, and the proportioned popcorn packs. I guess they aren't really sure how you should use it.

8

My biggest complaint is the kettle part. It was ridiculously difficult to attach, partly because the holders were partially bent inward, but also because the kettle is too big for the machine in my opinion. Scooping the popped corn into a bowl or bag is incredibly difficult if you do it inside the machine as there's just not a lot of room. The kettle doesn't detach for dumping the contents. It only swivels in place. Other brands can have the ability to detach for dumping which makes it easier.

Finally, the back part of the cart was done upside down and reversed at the factory. The cut out for the cord was at the bottom left instead of to right. I guess quality control isn't a strong suit . . . .

These are but a few of the dozens of such comments. Clearly Amazon has known about this defect for at least three years but continues to sell the product – and not make proper provision for victims.

## CLASS ACTION ALLEGATIONS

### 20.

Plaintiff brings this action both individually and on behalf of all United States persons and entities who received a defective Great Northern Popcorn Machine from Amazon within the relevant statute of limitations period (the "Class").

### 21.

The Class of persons and entities described above is so numerous that joinder of all members is impracticable. Amazon sells nearly 100 billion dollars worth of "Furniture and Home Decorations" and "Electronics and Appliances" each year. This chart shows Amazon's revenues in these categories in **millions of dollars**:

|                               | 2014   | 2015   | 2016   | 2017   | 2018   |
|-------------------------------|--------|--------|--------|--------|--------|
| Furniture and home decorations | 5,748  | 8,762  | 12,129 | 16,787 | 23,240 |
| Electronics and appliances     | 25,327 | 34,576 | 42,990 | 53,560 | 65,846 |

### 22.

There are over 100 million Amazon Prime customers. Amazon Prime is a premium service which costs $119 per year. Amazon also has millions of additional non-Prime customers.

9

Exhibit 3, p. 9

23.

The popularity of the Great Northern popcorn machine is shown by the number of comments listed on Amazon's website.  There are hundreds of recent comments.  A substantial fraction of the comments describe the same defect suffered by Plaintiff.

24.

Important questions of law and fact exist which are common to the entire Class and predominate over any questions that may affect individual Class Members in that Defendant has acted on grounds generally applicable to the entire Class.

25.

All questions as to the actions attributable to Defendant at issue herein are similarly common.  A determination of liability for such conduct will also be applicable to all Members of the Class.  Furthermore, whether Defendant violated any applicable laws and pursued the course of conduct complained of herein and the extent of the appropriate measure of damages and restitutionary relief are common questions to all Class Members.

26.

The claims of Plaintiff are typical of the claims of the Class because she purchased the defective popcorn machine and was not provided a full refund by Amazon.

27.

Plaintiff will fully and adequately protect the interests of the Class because of the common injuries of the Class Members and the singular conduct of Defendant applicable to all Class Members.  Plaintiff strongly believes that Defendant must be prevented from misleading its customers.  Plaintiff has retained counsel she knows to be competent and experienced in the

**Exhibit 3, p. 10**

prosecution of class action litigation.  Plaintiff has no interests that are contrary to or in conflict with those of the Class it seeks to represent.

28.

A class action is superior to all other available methods for fair and efficient adjudication of this controversy.  There is no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

29.

The prosecution of separate actions by individual Class Members would create a risk of inconsistent and varying adjudications concerning the subject of this action, which adjudications could establish incompatible standards for Defendant under the laws alleged herein.

## REQUESTS FOR RELIEF

### COUNT ONE

### FRAUD

30.

Plaintiff incorporates all paragraphs above and below as if set forth verbatim herein.

31.

Amazon is well aware that customers have purchased popcorn machines primarily for parties and other social occasions.  Defendant knows that having the large and prominent "POPCORN" sign upside down on the front of the machine is not acceptable to customers.  For at least three years, Amazon has known that at least a substantial percentage of the popcorn machines are being shipped with this defect.

11

Exhibit 3, p. 11

32.

Despite knowing fell well about this defect, Amazon has not ceased marketing and selling the product.  Each day, including the day of filing this Class Action Complaint, Amazon prominently displays the Great Northern popcorn machine with the "POPCORN" lettering with the correct side up.

33.

Despite knowing full well that hundreds of customers will waste thousands of hours assembling the defective product, Amazon continues to sell the product.

34.

Amazon has established a policy of not providing a refund for the defective product, knowing that customers will then be stuck with the assembled item because the alternative of disassembling the item, repacking it, and shipping it will only increase their harm.

35.

But for the false photographs and promises made by Amazon in accordance with Defendant's uniform corporate practices and procedures, Plaintiff and the Class Members would not have obtained the defective product.

36.

Because the procurement of the Great Northern popcorn machine resulted only from fraudulent inducement, all victims should be made whole.  Plaintiff and the Class should be made whole to include return of improper rents paid, reimbursement of security deposits, and the ability to terminate without penalty.

12

**Exhibit 3, p. 12**

<u>COUNT TWO</u>

<u>INTENTIONAL MISREPRESENTATION</u>

37.

Plaintiff incorporates all paragraphs above and below as if set forth verbatim herein.

38.

Amazon represented to Plaintiff and the Class that the Great Northern popcorn machine was not defective.  Further, Amazon promised a full refund for defective products, a promise that it does not keep with the Great Northern popcorn machine because it requires victims to spend several hours of total labor in order to build, and then disassemble, repackage, and ship the defective product back to Amazon before a refund will be provided.  Amazon is aware that almost no customer will go through this trauma in order to gain the refund.

39.

These misrepresentations are false because Amazon in fact knows about the defect based on hundreds of complaints received since at least 2016.  Further, Amazon knows it will not provide refunds for the defective product in a reasonable fashion.

40.

Amazon's misrepresentations are material because customers only purchase or receive the popcorn machine for social occasions.  It is not the type of item that will be locked away in a closet.  If Amazon truthfully marketed the product – for example by explaining "a substantial portion of the machines are defective," "you will not become aware of the defect until you have spent over one hour assembling the machine," "the machine cannot be returned if you discover a defect without spending another few hours disassembling, packaging, and shipping the defective

13

**Exhibit 3, p. 13**

product back to Amazon," and "we will not refund you unless you return to entire product to us" – no one would buy it.

41.

Amazon knows that its misrepresentations are false because it in fact has been aware of the defects for years and has established the useless refund policy as a standard business practice.

42.

Amazon intended for Plaintiff and the Class to rely upon the misrepresentation so that Plaintiff and Class Members would make the purchase or request the item as a gift from others despite Defendant's knowledge of the defect.

43.

Plaintiff and the Class Members were unaware of the falsity of Amazon's misrepresentations until after they had assembled the defective popcorn machine and called for a refund.

44.

Plaintiff and the Class Members relied upon the truth of Amazon's representations. Plaintiff and the Class Members would not have ordered or requested the popcorn machine had they known Amazon's representations were false.

45.

Plaintiff and the Class Members had a right to rely upon Amazon's representations.

46.

Plaintiff and the Members of the Class were consequently and proximately injured by Amazon's misrepresentations when Plaintiff and the Class purchased or obtained the defective popcorn machine instead of one of the numerous competitive alternatives.

**Exhibit 3, p. 14**

## **COUNT THREE**

## **UNJUST ENRICHMENT**

47.

Plaintiff incorporates all paragraphs above and below as if set forth verbatim herein.

48.

Unjust enrichment requires disgorgement of the funds Amazon has improperly obtained based on the fraudulent conduct described above.

49.

Plaintiff, on behalf of itself and the Class, asserts a common law claim for unjust enrichment.

50.

By means of Defendant's wrongful conduct alleged herein, Defendant knowingly engaged in practices which harmed Plaintiff and Members of the Class and that were unfair, unconscionable, and oppressive. Moreover, Defendant's conduct is improper and/or illegal as a matter of law.

51.

Defendant knowingly received and retained wrongful benefits and funds from Plaintiff and Members of the Class. In so doing, Defendant acted with conscious disregard for the rights of Plaintiff and Members of the Class.

52.

As a result of Defendant's wrongful conduct as alleged herein, Amazon has been unjustly enriched at the expense of, and to the detriment of, Plaintiff and Members of the Class.

**Exhibit 3, p. 15**

53.

Plaintiff and the Class Members have conferred a benefit upon Defendant in the form of payments and assembly work.

54.

Defendant's unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

55.

Under the doctrine of unjust enrichment, as interpreted under Georgia law, it is inequitable for Defendant to be permitted to retain the benefits it has received, and is still receiving, without justification, by inducing Plaintiff and Class Members to purchase or receive the defective popcorn machine through misrepresentations and other wrongful conduct.  Defendant's retention of such funds under circumstances making it inequitable to do so constitutes unjust enrichment.

56.

The financial benefits derived by Defendant rightfully belong to Plaintiff and Members of the Class.  Defendant should be compelled to disgorge into a common fund for the benefit of Plaintiff and Members of the Class all wrongful or inequitable proceeds.  A constructive trust should be imposed upon all wrongful or inequitable sums received by Defendant traceable to Plaintiff and the Members of the Class.

57.

Plaintiff and Members of the Class have no adequate remedy at law.

**Exhibit 3, p. 16**

WHEREFORE, Plaintiff, on behalf of itself and the proposed Class, requests that this Court enter judgment against Defendant and:

a)    Certify this case as a class action pursuant to O.C.G.A. § 9-11-23 and appoint Plaintiff as class representative and Plaintiff's counsel as class counsel;

b)    Award Plaintiff and the Class actual, incidental, nominal, and consequential damages in an amount to be proven at trial, including any and all compensatory damages, punitive damages, restitution, any applicable penalties and interest, authorized attorneys' fees and costs, and any further relief as the Court deems just, equitable, and proper;

c)    For an award of all reasonable costs and attorneys' fees incurred by Plaintiff;

d)    For trial by jury of all matters; and

e)    For such other and further relief as the Court may deem just and equitable.

DATED this 7th day of October, 2019.

                              Respectfully submitted,

                        BY:   WEBB, KLASE & LEMOND, LLC

                              _/s/ E. Adam Webb_____
                              E. Adam Webb
                               Georgia Bar No. 743910

                              1900 The Exchange, S.E.
                              Suite 480
                              Atlanta, Georgia 30339
                              (770) 444-9325
                              (770) 217-9950 (fax)
                              Adam@WebbLLC.com

                              *Attorneys for Plaintiff*

17

**Exhibit 3, p. 17**